IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                      **CASE NO. 1:08MJ47-AK**

**JESUS RUIZ RODRIGUEZ,**

_____/

## O R D E R

Presently before the Court is Rodriguez' Motion to Order Deposition, filed pursuant to 18 U.S.C. 3144, seeking an order requiring his deposition and immediate release upon the signing of the transcript thereof. (Doc. 12). The government has responded and objects to Rodriguez' release on the ground that any deposition taken of him would not likely be admissible.

The Court has read a number of cases on this issue, including those cited by the parties, and agrees with the district court in United States v. Cabrera-Ruiz, 2009 WL 819901, that the government's argument "puts the proverbial cart before horse," i.e. that the government cannot know the adequacy of a deposition until it has taken one. Likewise, the issue of Rodriguez' release is premature as well, as his release is not automatic upon the taking of his deposition.

The language of Fed. R. Crim.P. 15(a)(2) provides that "the court *may* discharge the witness after the witness has signed under oath the deposition transcript." (Emphasis supplied). Release is mandatory only if the deposition will not serve as an

adequate substitute for the witnesses' live testimony or that a failure of justice would occur were the witnesses released. 18 U.S.C. §3144; United States v. Aguilar-Ayala, 973 F.2d 411 (5th Cir. 1992).

Although the government does not elaborate, the Court presumes that its inadmissibility argument is premised on the Sixth Amendment right to confrontation and a concern that it may not be able to sustain its burden of showing that the witness is unavailable pursuant to Fed. R. Evid. 804.  Again, the government has put the cart before the horse in that at present there is no criminal defendant to assert his constitutional right to confrontation.  See Aguilar-Ayala, supra at 419 (it is the criminal defendant, not the government, who has a constitutional right to confrontation).  "When a witness has been detained solely at the insistence of the government, we can conceive of comparably few instances in which the government's preference for live testimony over deposition testimony would outweigh the witness' right to be free from continued detention." Id., at 420.  Although the material witness complaint was premised on a forthcoming indictment, none has been filed.

Further, the government presumes the witness will be unavailable.  As the court noted in Aguilar, even though the witness is an illegal alien no doubt now highly motivated to return to his country of origin, the government is uniquely capable of taking a variety of reasonable measures to insure that the witness will be available to testify, even if released.  Id., at 419, *citing* United States v. Guadian-Salazar, 824 F.2d 344 (5th Cir. 1987) (working with ICE to delay deportation or devising other alternatives to

**No. 1:08mj47-AK**

continued detention, "paroling" the witnesses into the community, expediting the judicial proceeding where their testimony was needed).

Rodriguez has been held on a material witness complaint since November 19, 2008, based on the government's representation therein that he was a material witness in an ongoing investigation expected to result in an indictment.  As of this date, the Court has not been informed of any pending indictment nor any plans for this witness to testify before a grand jury or other court proceeding.  Even if his testimony is the "linchpin of the government's case," which has **not** been asserted by the government in this case, his continued detention must be necessary to avoid a failure of justice and even in such a case it should be "relatively brief."  Aguilar, supra at 419.  Thus, in the absence of any conclusive proof that the release of this witness would result in a failure of justice, the deposition is hereby ordered, following which a hearing will be set at which the government shall show cause as to why he should not be released pursuant to 18 U.S.C. §3144.

Accordingly, it is

**ORDERED:**

1.  Rodriguez' Motion to Order Deposition (doc. 12) is **GRANTED**, and counsel for Rodriguez and the Assistant United States Attorney shall arrange for his deposition as soon as practicable, but no later than **January 13, 2010.**

**No. 1:08mj47-AK**

2.  As soon as the deposition is transcribed and has been signed by the witness, the parties shall confer and arrange with chambers for a detention hearing to be set immediately.

**DONE AND ORDERED** this 29th day of December, 2009.

<u>s/ A Kornblum</u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 1:08mj47-AK**